# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**In re:**

|  |  |
|---|---|
| **Detroit Tarpaulin & Repair Shop, Inc.,** | Case No. 14-50847 |
| a Michigan corporation, | Chapter 11 |
|  | Hon. Mark. A. Randon |

Debtor.

_____/

## COVER SHEET FOR
## DEBTOR'S FIRST DAY ORDER
## <u>PERMITTING USE OF CASH COLLATERAL AND AUTHORIZING ADEQUATE ROTECTION</u>

The debtor has filed a motion to use cash collateral, which is attached to this Cover Sheet. In accordance with LBR 4001-2(b) (E.D.M.), the debtor has identified below, by page and paragraph number, the location in the proposed order accompanying the motion of each of the following provisions:

| Provision | Contained in Proposed Order | Location in Proposed Order |
|---|---|---|
| (1) Provisions that grant liens on the estate's claims and causes of action arising under Chapter 5 of the Code. | _____ Yes  __X__ No | Page ____, ¶ ____ |
| (2) Provisions that grant cross-collateralization protection to the prepetition secured creditor (i.e., clauses that secure prepetition debt with categories of collateral that were not covered by the secured party's lien prepetition) other than liens granted solely as adequate protection against diminution in value of a prepetition creditor's collateral. | _____ Yes  __X__ No | Page ____, ¶ ____ |

{00014267.DOC }

| | | |
|---|---|---|
| (3) Provisions that establish a procedure or conditions for relief from the automatic stay. | __X__ Yes<br><br>_____ No | Page __3_, ¶ _5__ |
| (4) Provisions regarding the validity or perfection of a secured creditor's prepetition liens or that release claims against a secured creditor. | __X__ Yes<br><br>_____ No | Page __1_, ¶ _A__ |
| (5) Provisions that prime any lien without that lienholder's consent. | _____ Yes<br><br>__X__ No | Page ____, ¶ ____ |
| (6) Provisions that relate to a sale of substantially all of the debtor's assets. | _____ Yes<br><br>__X__ No | Page ____, ¶ ____ |
| (7) Provisions for the payment of professional fees of the debtor or any committees, including any carve-outs for such payments. | _____ Yes<br><br>__X__ No | Page ___, ¶ ___ |
| (8) Provisions for the payment of prepetition debt. | _____ Yes<br><br>__X__ No | Page ____, ¶ ____ |
| (9) Provisions that waive the debtor's exclusive right to file or solicit acceptances of a plan during the time periods specified in 11 U.S.C. § 1121. | _____ Yes<br><br>__X__ No | Page ____, ¶ ____ |
| (10) Provisions that require the debtor's plan to be on terms acceptable to the secured creditor. | _____ Yes<br>__X__ No | Page ____, ¶ ____ |
| (11) Provisions that require or prohibit specific terms in the debtor's plan. | _____ Yes<br><br>__X__ No | Page ____, ¶ ____ |

{00014267.DOC }

| | | |
|---|---|---|
| (12) Provisions establishing that proposing a plan inconsistent with the order constitutes a default. | _____ Yes <br><br> __X__ No | Page _____, ¶ _____ |
| (13) Provisions that waive surcharge under 11 U.S.C. § 506(c). | _____ Yes <br><br> __X__ No | Page _____, ¶ _____ <br> But see p. 1, ¶D – Bank does not consent to surcharge. |
| (14) Provisions that address the rights and obligations of guarantors or co-obligors. | _____ Yes <br><br> __X__ No | Page _____, ¶ _____ |
| (15) Provisions that prohibit the debtor from seeking approval to use cash collateral without the secured creditor's consent. | _____ Yes <br><br> __X__ No | Page _____, ¶ _____ |
| (16) Provisions that purport to bind a subsequent trustee. | _____ Yes <br><br> __X__ No | Page _____, ¶ _____ |
| (17) Provisions that obligate the debtor to pay any of a secured creditor's professional fees. | _____ Yes <br><br> __X__ No | Page _____, ¶ _____ |

Respectfully submitted,

WOLFSON BOLTON PLLC

Dated: July 1, 2014

By: /s/ Ryan D. Heilman _____
      Scott A. Wolfson (P53194)
      Ryan D. Heilman (P63952)
      3150 Livernois, Suite 275
Troy, MI 48083
Telephone: (248) 247-7070
Facsimile: (248) 247-7099
E-Mail: rheilman@wolfsonbolton.com

{00014267.DOC }

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:

**Detroit Tarpaulin & Repair Shop, Inc.,**
a Michigan corporation,

      Debtor.

_____/

Case No. 14-50847
Chapter 11
Hon. Mark. A. Randon

## FIRST DAY MOTION FOR ENTRY OF ORDER PERMITTING USE OF
## CASH COLLATERAL AND AUTHORIZING ADEQUATE PROTECTION

Detroit Tarpaulin & Repair Shop, Inc. ("Debtor") through counsel, Wolfson Bolton PLLC, for its Motion for Entry of an Order Permitting Use of Cash Collateral and Authorizing Adequate Protection ("Motion") states:

## INTRODUCTION STATEMENT OF RELIEF REQUESTED

1.    By this Motion, Debtor seeks entry of interim and final orders under 11 U.S.C. § 363 authorizing Debtor to (i) to use cash collateral in the ordinary course of Debtor's business and to pay costs and expenses related to this Chapter 11 case and (ii) make adequate protection payments to the Huntington National Bank ("Bank").

2.    Debtor requests entry of an order on an interim basis as permitted under Fed. R. Bankr. P. 4001(b)(2) on consent of Bank, the only secured party, and the United States Trustee. Debtor submits that this Motion complies with all requirements of Local Rule 4001-2(c) (Bankr. E.D. Mich.), and that this Motion may be granted on an interim basis without a hearing.

**3.    Debtor requires entry of an interim order before the end of business on Thursday, July 3, so that Debtor can meet its weekly payroll obligations.** In the event that this Court determines it is not appropriate to enter an interim order without a hearing, Debtor requests that this Court schedule a hearing no later than **July 3, 2014.**

## JURISDICTION

4.       The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and

1334.

5.       This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

6.       Venue of this proceeding and the Motion in this District is proper under 28 U.S.C.

§§ 1408 and 1409.

## BACKGROUND

7.       On June 30, 2014 ("Petition Date"), Debtor commenced a voluntary case under

chapter 11 of title 11 of the United States Code.

8.       Debtor continues to operate its business as debtor-in-possession pursuant to

section 11 U.S.C. §§ 1107 and 1108.

9.       Debtor is a leading provider and manufacturer of tarps. For over 51 years, Debtor

has provided custom and stock tarpaulins, covers, and curtains, primarily to professional

contractors. Debtor provides a wide range of products, including baseball field covers,

construction tarps, containment tarps, event staging covers, gym floor covers, machinery tarps,

water containment barriers, and custom fabrics.

### CASH COLLATERAL AGREEMENT WITH BANK UNDER FED. R. BANKR. P. 4001(b)(1)(B)

10.      Debtor requests that the Court approve its agreement with Bank regarding the

use of cash collateral and payment of adequate protection as set forth in the proposed order,

Exhibit 1, and the Stipulation, Exhibit 6.A. The agreement is described below as required by

Fed. R. Bankr. P. 4001(b)(1)(B)(i-iv).[1]

11.      i. Debtor believes that Bank is the only creditor with an interest in Debtor's cash

collateral.

---

[1] This Motion only contains a summary of the terms of the proposed order and does not include all terms such as Debtor's rights to notice and opportunity to cure, and Bank's rights to relief from stay in the event of a Debtor's failure to timely cure any default under the proposed order. The proposed order containing all terms of the parties' agreements is attached as Exhibit 1.

{00028211.DOC }                              2

12.     ii. Debtor requires the use the cash collateral in the ordinary course of Debtor's business to fund payroll, purchase of materials, maintenance, taxes, insurance, and similar ordinary business costs and expenses. Debtor also requires the use cash collateral to make payments relating to this Chapter 11 case, including payment of professional fees and the United States Trustee's fees. *See* Exhibit 5, Declaration of Guy Sullins in Support of Debtor's use of Cash Collateral, and Exhibit 6.B, Debtor's cash flow projections for July, 2014.

13.     iii. The Terms of Debtor's proposed cash collateral order will permit Debtor to use cash collateral during the pendency of this Chapter 11 bankruptcy case. Debtor's authorization to use cash collateral under the proposed order will terminate upon the earlier of March 31, 2015, or default under the terms of the order (as described in paragraphs 6-7, below), conversion or dismissal of this Chapter 11 case, or appointment of a Chapter 11 trustee. Bank may also move at any time under 11 U.S.C. § 363(e) if, in Bank's judgment, Bank's interest in Debtor's cash collateral is no longer adequately protected by the terms of the proposed order.

14.     iv. Debtor and Bank have agreed that Bank is entitled to monthly adequate protection payments in the amount of $730.00 representing interest-only payments on the secured debt set at the pre-petition non-default interest rate of approximately 8% ("Adequate Protection Payments") until termination of Debtor's authorization to use cash collateral or until the effective date of a plan of reorganization. Debtor and Bank reserve all rights with respect to allocation of the Adequate Protection Payments.[2] As additional adequate protection (collectively, with the Adequate Protection Payments, the "Adequate Protection"), Debtor has agreed to

---

[2] Debtor currently believes that Bank is over-secured with respect to the Bank Debt (defined below). As discussed below, Debtor has guaranty debt that may exceed the value of Debtor's assets. However, Debtor believes that the value of the property owned by Debtor's affiliate securing the guaranteed debt exceeds the amount of that debt. Accordingly, Debtor believes Bank to be over-secured, but reserves the right to argue the payments should be recharacterized if this belief is incorrect.

(a)    provide replacement liens to the extent of any diminution in value of Bank's pre-petition cash collateral, attaching to all types and descriptions of collateral in which Bank holds a valid and perfected pre-petition lien or security interest ("Replacement Liens");

(b)    timely perform all obligations of a debtor-in-possession required by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the orders of this Court;

(c)    grant Bank access to Debtor's business records and premises for inspection upon reasonable notice, provided that it does not unreasonably interfere with the Debtor's business;

(d)    maintain insurance coverage for its property in accordance with the requirements of the United States Trustee and the loan documents between Debtor and Bank;

(e)    acknowledge that the Bank Debt is secured by valid and perfected pre-petition security interests as set forth in the Security Agreement and the UCC financing statement perfecting the security interest, both to the fullest extent permitted by applicable law.

**PREPETITION SECURED DEBT AND DEBTOR'S CASH COLLATERAL**

15.    Bank asserts and Debtor acknowledges and agrees that Debtor is indebted to Bank in the approximate amount of $106,000 as evidenced by two promissory notes (the "Bank Debt"). The Bank Debt is secured by substantially all Debtor's assets as more fully described in a security agreement between Debtor and Bank dated October 11, 2007 (the "Security Agreement"). Debtor also guaranteed debt owed by a related party, Four S Investment Company, to Bank (the "Guaranty Debt"). Bank asserts that the amount of the Guaranty Debt currently outstanding is approximately $943,000. Debtor believes that the value of the property owned by Four S Investment Company is approximately $1.1 million. Debtor believes there are no substantial encumbrances on this property other than the debt owed to Bank.

16.     Other than the Bank Debtor and Guaranty Debt, Debtor estimates that it has total debt obligations of approximately $3.6 million. Debtor believes that no other creditor will assert an interest in Debtor's cash collateral. To the best of Debtor's knowledge, no other creditor holds a valid and perfected security interest in any of Debtor's assets other than a truck owned by Debtor.

17.     Debtor has not completed compiling its schedules of assets. For purposes of complying with Local Rule 4001-2(a) only, and with full reservation of Debtor's right to assert a different value at any time, Debtor currently estimates the value of all of its assets at approximately $700,000.[3]

## BASIS FOR RELIEF REQUESTED

18.     As stated above, Debtor requires the use of cash collateral to fund ordinary course business expenses and to fund the costs and expenses associated with this Chapter 11 case. Without the ability to use cash collateral, Debtor would be unable to fund payroll, insurance, and other essential expenses necessary to run Debtor's business and to comply with the United States Trustee's Guidelines for operation of a business by a debtor-in-possession.

19.     Under section 363(c)(2) of the Bankruptcy Code, a debtor in possession may not use cash collateral unless "(a) each entity that has an interest in such cash collateral consents; or (b) the court, after notice and a hearing, authorizes such use . . . in accordance with the provisions of this section." 11 U.S.C. § 363(c)(2).

20.     Bank has consented to Debtor's use of cash collateral subject to Court approval of the Adequate Protection and Debtor's compliance with the terms of the proposed order.

21.     Bank is entitled to adequate protection of its interests in Debtor's cash collateral. 11 U.S.C. §§ 361, 362(d)(3)(B) and 363(e).

---

[3] Debtor's accounts receivable in particular are difficult to value given that many account debtors may be partially or wholly uncollectible or may have rights of setoff or recoupment against Debtor.

22.     The proposed Adequate Protection is an appropriate settlement of Bank's rights to adequate protection.

23.     In evaluating the Debtor's settlement with Bank regarding adequate protection and use of cash collateral, this Court should determine whether the settlement is fair and equitable by considering factors such as the probability of success on the merits, the complexity and expense of litigation, and the reasonable views of creditors. *Bauer v. Commerce Union Bank*, 859 F.2d 438, 441 (6th Cir. 1988) (discussing a trustee's authority to settle causes of action).

24.     The adequate protection settlement with Bank permits Debtor to use cash collateral and satisfies Debtor's obligations to Bank under 11 U.S.C. § 362(d)(3)(B) without costly litigation. The settlement is fair and equitable and should be approved. *See Buckeye Check Cashing, Inc. v. Meadows* (*In re Meadows*), 396 B.R. 485, 499 (B.A.P. 6th Cir. 2008); *In re Cormier*, 382 B.R. 377, 400–01 (Bankr. W.D. Mich. 2008) ("Settlements in bankruptcy cases are favored by law.");10 *Collier on Bankruptcy* ¶ 9019.01 at 9019–2 (stating that "compromises are favored in bankruptcy").

## INTERIM APPROVAL OF THE USE OF CASH COLLATERAL SHOULD BE GRANTED

25.     Bankruptcy Rule 4001(b)(2) governs the procedures for obtaining authorization to use cash collateral and provides, in relevant part:

> The court may commence a final hearing on a motion for authorization to use cash collateral no earlier than 14 days after service of the motion. If the motion so requests, the court may conduct a hearing before such 14-day period expires, but the court may authorize the obtaining of credit only to the extent necessary to avoid immediate and irreparable harm to the estate pending a final hearing.

Fed. R. Bankr. P. 4001(b)(2).

26.     Local Bankruptcy Rule 4001-2(b) (Bankr. E.D. Mich.) permits the Court to enter an interim order approving the agreement between Debtor and Bank for postpetition credit if the Motion complies with all six subparts of the Local Rule. Debtor submits that the Motion meets

each of these subparts:

(1)    The proposed order has been approved by Bank and the United States Trustee. No committee has been appointed in this case and Debtor believes no other creditor has a valid and perfected interest in Debtor's cash collateral.

(2)    The proposed order permits the Debtor to use no more than $260,620 in cash collateral on an interim basis, the amount Debtor estimates is necessary to avoid immediate and irreparable harm during the month of July. Debtor reserves the right to seek permission to use additional cash collateral if necessary before the interim order becomes a final order.

(3)    The proposed order provides for a final hearing date to be filled in by the Court;

(4)    The proposed order provides that the Debtor shall, within 24 hours of its entry, serve a copy of the motion with its attachments and the entered order on all parties who are required to be served under Fed. R. Bankr. P. 4001(d);

(5)    The proposed Order includes the language required by LBR 4001-2(c)(5).

(6)    The Motion is accompanied by the Declaration of Guy Sullins, President of the Debtor, stating the facts on which the Debtor relies. Exhibit 5.

27.    Accordingly, Debtor respectfully requests entry of the proposed Order attached as Exhibit 1 without a hearing as permitted under LBR 4001-2(b). If the proposed Order is entered, Debtor will serve the Order, the Motion and all exhibits, as required by LBR 4001-2(c)(4) and Fed. R. Bankr. P. 4001(d).

28.    In the alternative, Debtor requests that this Court schedule a hearing on the Motion at the Court's earliest availability. Debtor requires entry of an interim order before the end of business on **Thursday, July 3**, so that Debtor can meet its weekly payroll obligations. In the event that this Court schedules a hearing on the Motion, Debtor will promptly comply with the service requirements set forth in LBR 4001-2(d)(1) and LBR 9013-1. In compliance with LBR 9013-1(b), Debtor has attached a proposed scheduling order as Exhibit 1.B.

## <u>SCHEDULING FINAL HEARING</u>

29.    The Debtor further respectfully requests that the Court schedule a final hearing on the Motion as contemplated by LBR 4001-2(c)(5).

{00028211.DOC }

7

**WHEREFORE**, Debtor requests that the Court enter an order, substantially in the form attached as Exhibit 1, (i) authorizing Debtor to provide the Adequate Protection to Bank, (ii) authorizing Debtor to use cash collateral, and (iii) granting such further relief as the Court deems appropriate.

Respectfully submitted,

WOLFSON BOLTON PLLC

Dated: July 2, 2014                    By:  /s/ Ryan D. Heilman
                                                Scott A. Wolfson (P53194)
                                                Ryan D. Heilman (P63952)
                                    3150 Livernois, Suite 275
                                    Troy, MI  48083
                                    Telephone: (248) 247-7070
                                    Facsimile:  (248) 247-7099
                                    E-Mail:  rheilman@wolfsonbolton.com

**EXHIBIT INDEX**

| EXHIBIT 1.A | Proposed Order |
|---|---|
| EXHIBIT 1.B | Proposed Scheduling Order |
| EXHIBIT 2 | Notice of the Motion, copies of the Motion with all attachments, the interim order (proposed or interim), and a notice of hearing, if applicable, will be served as required under LBR 4001-2(d) upon entry of the interim order or of an order scheduling a hearing on the motion on an expedited basis, or, if no order is entered, Debtor will complete service within 24 hours as required by LBR 9013-1(b). |
| EXHIBIT 3 | N/A |
| EXHIBIT 4 | N/A – the Proof of Service will be filed after service as required by  LBR 9013-1(b) |
| EXHIBIT 5 | Declaration of Guy Sullins |
| EXHIBIT 6.A | Stipulation to Entry of Order Permitting  Use of Cash Collateral and Authorizing Adequate Protection |
| EXHIBIT 6.B | Cash Flow Projections for July, 2014 |

# EXHIBIT 1.A

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**In re:**

                                            Case No. 14-50847

**Detroit Tarpaulin & Repair Shop, Inc.,**           Chapter 11

a Michigan corporation,                           Hon. Mark. A. Randon

          Debtor.

_____/

**FIRST DAY ORDER**
**PERMITTING USE OF CASH COLLATERAL AND AUTHORIZING ADEQUATE ROTECTION**

        This matter having come before the Court upon the Debtor's Motion for Entry of an

Order Permitting Use of Cash Collateral and Authorizing Adequate Protection ("Motion"); the

Court having reviewed the Motion, the Declaration of Guy Sullins in support of the Motion, and

the Stipulation to Entry of this Order ("Stipulation"); and the Court being fully advised in the

premises;

**THE COURT FINDS** that:

        A.      Debtor acknowledges that it is indebted to Bank for the Bank Debt as stated in

the Motion.[1]

        B.      Debtor acknowledges that the Bank Debt is secured by essentially all Debtor's

assets as set forth in the Security Agreement and perfected as set forth in the related UCC

financing statement filed by Bank, each to the furthest extent permissible under applicable law.

        C.      Debtor's acknowledgements will not be binding on the United States Trustee, any

subsequently-appointed committee and any Chapter 7 trustee that may be appointed in this

case at any time in the future.

        D.      Bank does not consent to a surcharge by Debtor or any subsequently appointed

trustee under 11 U.S.C. § 506(c).

_____

[1] All capitalized terms not defined in this Order shall have the meanings ascribed to them in the Motion.

E.      Debtor requires the use of cash collateral to fund its business expenses, including payroll, insurance, material costs, and other expenses necessary for Debtor to maintain its operations and comply with the United States Trustee's Guidelines for the operation of a business by a debtor-in-possession. Debtor also requires use of cash collateral to pay expenses relating to this Chapter 11 case, including payments of professional fees and United States Trustee's fees.

F.      Debtor will suffer irreparable harm if this Order is not entered on an interim basis. Among other things, Debtor has an urgent need to fund payroll expenses by no later than July 3, 2014.

G.      The Motion, its attachments, and the Stipulation comply with Local Bankruptcy Rule 4001-2 (E.D.M.). Accordingly, entry of this order on an interim basis without a hearing is appropriate under the circumstances of this case.

**IT IS HEREBY ORDERED** that:

1.      Debtor is authorized to make the Adequate Protection Payments to Bank in the amount $730.00 per month.

2.      Debtor is authorized to use cash collateral to pay ordinary course business costs and expenses, non-ordinary course business costs and expenses that may be approved by this Court in a separate order, and payments relating to this Chapter 11 case, including payment of professional fees (subject to Court approval) and the United States Trustee's fees.

3.      The following Adequate Protection is approved:

  a.      Debtor shall timely make all Adequate Protection Payments on the first day of each month (or, if the first day is not a Business Day, the first Business Day thereafter).

  b.      The Replacement Liens are hereby granted in all Debtor's post-petition acquired assets and shall have the same priority as Bank's pre-petition liens and security interests. For the avoidance of doubt, the Replacement Liens shall not attach to any avoidance actions (or their proceeds) arising under Chapter 5 of the Bankruptcy Code.

c.      Debtor will timely perform all obligations of a debtor-in-possession required by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the orders of this Court;

d.      Debtor will grant Bank access to Debtor's business records and premises for inspection upon reasonable notice, provided that it does not unreasonably interfere with the Debtor's business, and will provide monthly cash flow projections by the 14th day of the month for each succeeding month; and

e.      Debtor will maintain insurance coverage for its property in accordance with the requirements of the United States Trustee and the loan documents between Debtor and Bank;

f.      Debtor acknowledges and will not challenge that the Bank Debt is secured by a properly perfected security interest as set forth in the Security Agreement and the UCC financing statement perfecting the security interest, both to the fullest extent permitted by applicable law.

4.      Debtor's authority to use cash collateral shall terminate on the earlier of (i) any default under the conditions listed in paragraph 3 of this Order that is not timely cured as set forth below, (ii) conversion or dismissal of the bankruptcy case, (iii) appointment of a Chapter 11 trustee, or (iv) March 31, 2015.

5.      Upon the occurrence of a default under paragraph 3 of this Order, Bank may file a notice with the Court describing the default which has occurred ("Notice of Default"). Upon the filing of a Notice of Default, Bank shall send a copy of the Notice of Default via regular mail to Debtor's counsel, Debtor, and any other party requesting notice. Debtor will have 10 days to cure the default. If Bank files a statement with the Bankruptcy Court indicating that the default has not been cured within the 10-day cure period, Bank will be entitled to relief from the automatic stay and may exercise its rights under applicable non-bankruptcy law without further order of the Court. Debtor may seek a determination by the Court that a default has not occurred or was timely cured.

6.      Nothing in this Order shall be construed to prevent Bank or any other party from filing a motion under 11 U.S.C. § 363(e) seeking different or additional Adequate Protection in

the event that Bank or another party determines the Adequate Protection provided in this Order is not sufficient to protect its interests.

7.     Nothing in the Stipulation or this Order shall in any fashion be deemed to affect the validity of any of guaranties in favor of Bank.

8.     Notice of this Order shall be given by Debtor via first class mail within 24 hours of its entry under Federal Rule of Bankruptcy Procedure 4001(d) and LBR 4001-2.

9.     Objection Procedures:

a.     The deadline to file an objection to this Order is 14 days from the entry of the Order, except that an official committee may file objections within 14 days after it is served with the entered order;

b.     If an objection is timely filed, the final hearing will be held as required by L.B.R. 4001-2 on _____, 2014 at ____, _.m., at 211 W. Fort St., Courtroom 1825, Detroit, Michigan 48226; and

c.     If no objection is timely filed, this Order may become a final order.

10.     While this Order remains in effect and until it becomes a final order, Debtor's use of cash collateral may not exceed $260,620. Debtor may request authorization to use additional cash collateral at any time before this Order becomes a final order.

11.     This Court will retain jurisdiction over any and all disputes arising or otherwise relating to the construction, performance, and enforcement of the terms of this Order and the Settlement Agreement.

# EXHIBIT 1.B

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:

|  |  |
|---|---|
|  | Case No. 14-50847 |
| **Detroit Tarpaulin & Repair Shop, Inc.,** | Chapter 11 |
| a Michigan corporation, | Hon. Mark. A. Randon |

      Debtor.

_____/

**FIRST DAY ORDER SCHEDULING A HEARING ON DEBTOR'S MOTION**
**FOR AN ORDER PERMITTING USE OF CASH COLLATERAL AND AUTHORIZING**
<u>**ADEQUATE ROTECTION**</u>

      This matter having come before the Court upon the Debtor's First Day Motion for Entry

of an Order Permitting Use of Cash Collateral and Authorizing Adequate Protection ("<u>Motion</u>");

the Court having reviewed the Motion, the Declaration of Guy Sullins in support of the Motion;

and the Court being fully advised in the premises;

      **IT IS HEREBY ORDERED** that the Motion shall be heard on July __, 2014 at __:__ _.m,

in Room ____, 211 W. Fort Street, Detroit, Michigan 48226.

# EXHIBIT 5

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:

Case No. 14-50847
**Detroit Tarpaulin & Repair Shop, Inc.,**                    Chapter 11
a Michigan corporation,                                        Hon. Mark. A. Randon

Debtor.

_____/

**DECLARATION OF GUY SULLINS**
**IN SUPPORT OF DEBTOR'S FIRST DAY MOTION FOR AN ORDER AUTHORIZING**
**DEBTOR TO PAY PRE-PETITION WAGES, COMPENSATION, AND EMPLOYEE BENEFITS**

I, Guy Sullins, state as follows:

1.      I am the President of the Detroit Tarpaulin & Repair Shop, Inc. ("Debtor"). I am

familiar with the facts and circumstances set forth in this Declaration, and I am in all respects

competent to make this Declaration in Support of the Debtor's above-referenced First Day

Motion for Entry of an Order Permitting Use of Cash Collateral and Authorizing Adequate

Protection (the "Motion").[1]

2.      In my capacity as President of the Debtor, I am familiar with the day-to-day

operations, financial affairs, and books and records of the Debtor. I am familiar with the Motion

and the facts set forth therein. Except as otherwise stated, this Declaration is based upon

personal knowledge.

3.      To the best of my knowledge, the facts set forth in the Motion are true and

correct.

4.      The cash flow projections attached to the Motion represent the Debtor's

estimates of its financial requirements during the month of July.

5.      According to the cash flow projections, Debtor will use approximately $260,620 in

cash collateral during the month of July. Debtor requires the use of cash collateral for payroll

---

[1] Except as otherwise stated, all capitalized terms not defined in this Declaration have the
meaning ascribed to them in the Motion.

obligations, maintenance, insurance, materials and other ordinary course expenses, as well as expenses relating to this Chapter 11 bankruptcy case, such as professional fees and U.S. Trustee fees.

6.      If Debtor is not able to use cash collateral by July 3, 2014, Debtor will suffer irreparable harm because Debtor will be unable to pay its weekly payroll obligations. Additionally, Debtor needs the ability to use cash collateral as soon as possible so that it can pay vendors for materials, pay freight charges, maintain insurance, and pay other ordinary course expenses without which Debtor will be unable to operate its business.

7.      I declare under penalty of perjury that the foregoing is true and correct.


Dated: July 1, 2014                           /s/ Guy Sullins_____
                                                      Guy Sullins

Executed in Romulus, Michigan

# EXHIBIT 6.A

In re:

|  |  |
|---|---|
| **Detroit Tarpaulin & Repair Shop, Inc.,** | Case No. 14-50847 |
| a Michigan corporation, | Chapter 11 |
|  | Hon. Mark. A. Randon |

      Debtor.

_____/

## STIPULATION TO FIRST DAY ORDER PERMITTING
## <u>USE OF CASH COLLATERAL AND AUTHORIZING ADEQUATE PROTECTION</u>

      Detroit Tarpaulin & Repair Shop, Inc. ("<u>Debtor</u>"), Huntington National Bank and the United

States Trustee, through their respective counsel, stipulate to entry of the proposed First Day

Order Permitting Use of Cash Collateral and Authorizing Adequate Protection, attached as Exhibit

1 to Debtor's Motion for Entry of an Order Permitting Use of Cash Collateral and Authorizing

Adequate Protection.

| KUS RYAN & ASSOCIATES PLLC | WOLFSON BOLTON PLLC |
|---|---|
| By:  /s/ Michael J. Ryan | By:   /s/ Ryan D. Heilman |
| Michael J. Ryan (P34785) | Scott A. Wolfson (P53194) |
| Attorney for The Huntington National Bank | Ryan D. Heilman (P63952) |
| 2851 High Meadow Cir Ste 120 | Attorneys for Debtor |
| Auburn Hills, MI 48326 | 3150 Livernois, Suite 275 |
| (248) 364-3090 | Troy, Michigan 48083 |
| mryan@krslaw.biz | (248) 247-7070 |
|  | rheilman@wolfsonbolton.com |

DANIEL M. McDERMOTT
UNITED STATES TRUSTEE
Region 9


 /s/ David K. Foust
David K. Foust
Attorney for U.S. Trustee
211 W. Fort Street, Suite 700
Detroit, MI 48226
313-226-4541
David.K.Foust@usdoj.gov


Dated:  July 2, 2014

# EXHIBIT 6.B

**Detroit Tarpaulin**

**Monthly Cash Flow Projections**          **July 1 - July 31**

### Revenue

Sales

| | |
|---|---|
| Containment | $160,000.00 |
| Fabrication | $4,000.00 |
| Fitted Tarpaulins | $96,000.00 |
| Flood Barriers | $32,500.00 |
| Equipment Sales | $8,600.00 |
| Other | $0.00 |

Gross Sales                    $301,100.00

Sales Expenses

| | |
|---|---|
| Commissions | $8,000.00 |
| Sales Discounts | $0.00 |
| Refunds | $0.00 |

Net Sales                      $293,100.00

Other Revenue                  $0.00

**Total Revenue**              $293,100.00

### Operating Expenses

| | |
|---|---|
| Material | $90,000.00 |
| Freight | $4,500.00 |
| Payroll, including payroll taxes | $110,000.00 |
| Other labor costs | $0.00 |

| | |
|---|---:|
| Insurance | |
|    Health insurance | $25,000.00 |
|    Worker's Comp. | $2,100.00 |
|    Casualty | $420.00 |
| Laundry | $130.00 |
| Shop Supplies | $150.00 |
| Auto expense | $2,500.00 |
| Rent | $15,000.00 |
| Utilities | |
|    trash removal | $100.00 |
|    power, light, and water | $3,500.00 |
|    telephone | $800.00 |
| Office Supplies | $875.00 |
| Advertising and Promotion | $1,875.00 |
| Dues and Subscriptions | $1,420.00 |
| Bank Service Charges | $550.00 |
| Travel and Entertainment | $0.00 |
| Licenses, Fees, and Permits | $300.00 |
| Maintenance | $500.00 |
| Repairs | $400.00 |
| Miscellaneous | $500.00 |
| **Total Operating Expenses** | $260,620.00 |
| **Operating income** | $32,480.00 |
| Loan and Restructuring Expenses | |
| Professional Fees | $20,000.00 |
| Adequate Protection Payments to Huntington | $730.00 |
| U.S. Trustee Fees | $1,625.00 |
| **Total Cash Flow** | $10,125.00 |